65 F.3d 160
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
Alford Christopher CLARK, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 95-1137.
 United States Court of Appeals, First Circuit.
 Sept. 5, 1995.
 
 Alan M. Pampanin and Bennett R. Savitz on brief for petitioner.
 Frank W. Hunger, Assistant Attorney General, Civil Division, Philemina McNeill Jones and John J. Andre, Attorneys, Office of Immigration Litigation Civil Division, on brief for respondent.
 Before CYR, BOUDIN and LYNCH, Circuit Judges.
 PER CURIAM.
 
 
 1
 Petitioner Alford Clarke seeks judicial review of a Board of Immigration Appeals (BIA) order that dismissed his appeal from an Immigration Judge's denial of his motion to reopen deportation proceedings after the petitioner was ordered deported in absentia. The immigration judge entered the deportation order after the petitioner failed to appear on time for a hearing on his application for Sec. 212(c) relief. See 8 U.S.C. Sec. 1182(c).
 
 
 2
 We have thoroughly reviewed the record and the parties' briefs on appeal. We find no merit in the petitioner's arguments. It is well established that in absentia hearings are not "per se violative of due process." Patel v. U.S.I.N.S., 803 F.3d 804, 806 (5th Cir.1986). The fact that the petitioner appeared late, as opposed to failing to appear at all, and had previously reported to the INS pursuant to the conditions of his release, is irrelevant. The record discloses that the petitioner was given a reasonable opportunity to be present and that he failed to provide a reasonable cause for his absence. Under these circumstances, the in absentia order did not violate due process. See Maldonado-Perez v. INS, 865 F.2d 328, 329-37 (D.C.Cir.1989); Reyes-Arias v. INS, 866 F.2d 500, 503 (D.C.Cir.1989).
 
 
 3
 Accordingly, the petition for review is denied.